UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHERYL CLAIBORNE GREEN**                                      **CIVIL ACTION**

**VERSUS**                                                                   **NO. 15-1771**

**UNITED STATES ARMY CORPS**                            **SECTION "K"(3)**
**OF ENGINEERS, ET AL.**

### ORDER AND REASONS

Before the Court is a filing which the Court construes as a Motion to Reinstate Claim by Cheryl Green. (Doc. 23). Having reviewed the motion, oppositions filed and the relevant law, the Court finds no merit in the motion.

This *pro se* case was originally filed on May 18, 2015 with an Amended Complaint filed on June 25, 2015. (Doc. 4). In essence, the Complaint is an indictment of the alleged defalcations of the defendants as it pertains to the levee failures arising out of Hurricane Katrina. Eustis Engineering Co., L.L.C. filed a Motion to Dismiss for Failure to State a Claim (Doc. 9) on July 28, 2015. The United States filed Motion to Dismiss for Lack of Jurisdiction on September 3, 2015. (Doc. 13). Modjeski and Masters, Inc. filed a Motion for Summary Judgment (Doc. 18) on September 16, 2015. Plaintiff Cheryl Green filed no oppositions to these motions and no extensions of time were ever sought to respond by Ms. Green.

Each of these motions were granted. (See Rec. Doc. 14 as to Eustis Engineering and the United States on September 17, 2015 and Rec. Doc. 19 as to Modjeski and Masters on November 17, 2015). On November 18, 2015, Final Judgment was entered in favor of all three defendants. (Doc. 20).

A deficient filing entitled "Motion to Reinstatement of Claim" was filed by plaintiff on November 27, 2015. In the "motion" there was a request for "an extended court date." As

exhibits to this document were medical records concerning plaintiff's scheduled medical treatment in the fall of 2015, and an exhibit styled "Opposing Defendants' Motion to Dismiss" which was a regurgitation and mash-up of various pleadings filed and decisions issued in the *In re Katrina Canal Breaches Litigation*, C. A. No. 05-4182 with respect to the cause of levee breaches, in particular the "negligent acts and/or performance of governmental employees in compliance with regulatory standards." No argument or statement made in this document in any way would constitute a viable legal opposition to the motions that had been filed and had been granted.

The Clerk of Court issued a Notice of Deficient Pro Se Document with a detailed explanation of why the document as filed was deficient and informed plaintiff that it was subject to being struck unless the corrective action was taken by December 22, 2015. No corrective action was timely taken, and the pleading was stricken.

On January 15, 2016, plaintiff filed the instant "Motion to Request Court Date of February 24, 2016" which contains a document styled a Complaint (Doc. 23-1) which the Court is treating as a motion to reinstate. The defendants have timely filed their oppositions

The Court finds that this motion has no merit for a number of reasons. The only vehicles for "reinstating" case lie under Fed. R. Civ. Pro. 59(e) which provides for a motion for new trial which motion must be filed within 28 days of entry of judgment or under Fed. R. Civ. Pro. 60 which provides for Relief From a Judgment or Order. This motion was filed more than 28 days so the provisions of Rule 59 are not applicable. Thus, Rule 60 would be apply.

Rule 60(b)(1) does provide for relief for "mistake, inadvertence, surprise, or excusable neglect" which if the Court were to consider the stricken pleading, it appears plaintiff was

undergoing 2 days of hospitalization in September of 2015 and other treatment in October and December which might raise grounds for relief based on excusable neglect.  However, as that pleading was stricken and the instant pleading has provides no proof by affidavit or otherwise to explain the circumstances of plaintiff's excusable neglect the motion fails in that regard.

Moreover, pretermitting any procedural grounds, the Court finds that based on the rulings and analysis found in *In re Katrina Canal Breaches Consolidated Litigation,* 2006 WL 3627749 (E.D. La. Dec. 8, 2006), any claims against Modjeski & Masters Consulting Engineers and Eustis Engineering plaintiff might have are perempted under Louisiana law.  Moreover, any claim against the United States as to damages caused by the failure of the flood walls at the outfall canals including the 17th Street Canal or any defalcations by the United States as to the MRGO are foreclosed by the ruling of the United States Court of Appeals for the Fifth Circuit in *In re Katrina Canal Breaches Litigation,* 696 F.3d 436 (5th Cir. 2012).  Accordingly,

**IT IS ORDERED** that the Motion to Reinstate Claim by Cheryl Green (Doc. 23) is **DENIED**.

New Orleans, Louisiana, this 3rd day of June, 2016.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**